UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GOMEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE LEAF FARMS, LLC, et al.,<br><br>Defendants. | Case No. 5:15-cv-02928-RMW<br><br>**ORDER REGARDING MOTION TO DISMISS OR STAY ACTION AND MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 25, 38 |

Plaintiffs Rafael Gomez, Cesar Ruelas, and Brenda Acevedo filed a wage and hour class action complaint on June 23, 2015. Dkt. No. 1. On August 4, 2015, Defendants True Leaf Farms, LLC; True Leaf Holdings, LLC; Church Brothers, LLC; Steve Church; Tom Church; and David Gill filed a motion to dismiss or, in the alternative, to stay this action under the *Colorado River* doctrine pending the outcome of a separate class action that a different plaintiff filed in state court against True Leaf Farms. Dkt. No. 25. Individual Defendants Tom Church, Steve Church, and David Gill also move to dismiss the Fair Labor Standards Act claims against them under Rule 12(b)(6). *Id.* Separately, Defendants move for sanctions against Plaintiffs pursuant to Rule 11(b)(1) and the court's inherent authority. Dkt. No. 38. For the reasons set forth below, the court DENIES the motions to dismiss, GRANTS the motion for a stay only as to Plaintiffs' state law claims, and DENIES the motion for sanctions.

## I. BACKGROUND

The named Plaintiffs are former employees at Defendants' food processing facilities in San Juan Bautista, California. Dkt. No. 1 ¶¶ 12-16. The complaint alleges that Defendant Steve Church is "Chief Executive Officer or other officer" of Church Brothers, LLC; that Tom Church is "President or other officer" of Church Brothers; and that David Gill is "Partner or other shareholder or officer" of True Leaf Farms, LLC. *Id.* ¶¶ 18-20.

Plaintiffs commenced suit on June 23, 2015 alleging that Defendants failed to pay them minimum wage, Dkt. No. 1 ¶¶ 41-48, 99-104; compensate them for all hours worked (including overtime payments), *id.* ¶¶ 49-55, 56-64; provide them with legally compliant meal and rest periods, ¶¶ 65-70; and comply with various record keeping requirements, *id.* ¶¶ 80-84, 111-117, among other alleged violations.[1] Plaintiffs allege eight claims under California state law and two claims based on federal statutes, the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, and the Migrant and Seasonal Agricultural Worker Protection Act ("MWPA") 29 U.S.C. § 1801 *et seq.* Dkt. No. 1 ¶¶ 41-117.

Plaintiffs propose to represent three, potentially overlapping classes of workers. All three named Plaintiffs seek to represent a class alleging state law violations defined as follows:

> All individuals who are currently employed, or have formerly been employed, as nonexempt hourly employees at Defendants' food processing facilities in California, at any time within four years prior to the filing of the original complaint until resolution of this action.

*Id.* ¶ 32. All named Plaintiffs also seek to represent a class alleging FLSA violations defined as:

> All individuals who are currently employed, or have formerly been employed, as nonexempt hourly employees at Defendants' food processing facilities in California, at any time within three years prior to the filing of the original complaint until resolution of this action.

Id. ¶ 33. Finally, Plaintiff Ruelas seeks to represent a class alleging violations of the MWPA, defined as:

> All migrant agricultural workers who are currently employed, or have formerly been employed, as nonexempt hourly employees at

---

[1] *See generally* Dkt. No. 1 ¶¶ 71-79, 85-98, 105-110.

>Defendants' food processing facilities in California, at any time from the applicable statute of limitations to until resolution of this action.

*Id.* ¶ 34. The complaint seeks monetary and injunctive relief. *Id.* ¶¶ 10-11.

This is the third wage and hour class action filed against True Leaf Farms since December 2014.[2] The first, entitled *Norzagaray v. True Leaf Farms, LLC, et al.*, Case No. CU-14-00160, was filed in San Benito County Superior Court on December 5, 2014. Dkt. No. 25-1 Ex. A at 1. The sole named plaintiff Norzagaray alleges five claims under state law and seeks to represent a class of current and former True Leaf employees. *Id.* at 1, 8. Defendants' motion asserted that the *Norzagaray* action had progressed to "imminent mediation." Dkt. No. 25 at 8. Defendants represented at the hearing on the current motions that the mediation was unsuccessful.

The second case, entitled *Rodriguez v. True Leaf Farms, LLC et al.*, Case No. CU-15-00032, was filed in San Benito County Superior Court on March 5, 2015. Dkt. No. 25-2 Ex. B at 1. The sole named plaintiff Rodriguez alleged eight claims under state law and also sought to represent a class of current and former True Leaf employees.[3] *Id.* at 5. Significant to Defendants' request for sanctions, the *Rodriguez* complaint was signed by Cory G. Lee of The Downey Law Firm, LLC, one of the firms representing Plaintiffs in the instant action.[4]

On June 4, 2015, the Superior Court issued an order granting True Leaf's motion to abate the *Rodriguez* case. Dkt. No. 25-3 Ex. D (order of abatement). The substance of the order reads, in its entirety:

>This matter came on regularly before the Honorable Judge Harry J. Tobias in Department 1 of the above entitled Court on May 14, 2015, at 2:00 p.m. pursuant to a duly noticed Motion for Plea in Abatement and Motion to Stay Proceedings. After full consideration of the pleadings, authorities and exhibits submitted by counsel, and having heard and considered oral argument, and Good Cause appearing, the Court hereby GRANTS Defendant's Motion and

---

[2] Defendants have requested that the court take judicial notice of various filings in state court related to other class actions against True Leaf. The court GRANTS the unopposed requests for judicial notice. *Wheeler v. City of Oakland*, No. 05–0647–SBA, 2006 WL 1140992, at *5 (N.D. Cal. Apr. 28, 2006).
[3] The class defined in the *Rodriguez* complaint is identical to the state law class that Plaintiffs Gomez, Ruelas, and Acevedo seek to represent. Dkt. No. 25-2 Ex. B at 5; Dkt. No. 1 at 7.
[4] Different counsel represent plaintiff Norzagaray in his case. Dkt. No. 25-1 Ex. A at 1.

> ORDERS:
>
> The instant action, filed as <u>Rodriguez v. True Leaf Farms, LLC, et al.</u> (San Benito County Superior Court, Case No. CU-15-00032, filed March 5, 2015) is hereby ABATED AS TO THE ENTIRE ACTION.

*Id.* at 2. Defendants argue that the *Rodriguez* case was stayed pending the outcome of the *Norzagaray* action, Dkt. No. 25 at 1, though the order itself does not specify the length of the stay.

Plaintiffs Gomez, Ruelas, and Acevedo filed the instant case in U.S. District Court alleging violations of state and federal law on June 23, 2015. Dkt. No. 1. On August 4, 2015, Defendants moved to dismiss or stay this action, arguing that this court should abstain from exercising jurisdiction pending the outcome of the state court proceedings. Dkt. No. 25. The Individual Defendants Messrs. Church and Gill also moved to dismiss for failure to state a claim. *Id.* at 14. In addition to their motion for dismissal, on August 31, 2015, Defendants moved for $73,752 in sanctions. Dkt. No. 38 at 3. Defendants assert that the Downey Law Firm's class action complaint filed in federal court, after the state court's abatement of the *Rodriguez* action, was made "for the purpose of misleading, causing unnecessary delays and increasing the cost of litigation."[5] *Id.* at 2.

## II.  ANALYSIS

### A.  Motion to Dismiss or Stay Under the *Colorado River* Doctrine

Defendants move to dismiss or stay this action pursuant to the *Colorado River* doctrine, *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976), contending that the claims in this case overlap substantially with the claims in the *Norzagaray* action. When there are concurrent state court proceedings concerning the same matters, a district court may abstain from exercising jurisdiction to promote "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817. Abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* at 813. Even when abstention is appropriate, the Ninth Circuit "generally require[s] a stay rather than a dismissal." *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d

---

[5] Defendants separately filed a motion (which the court denied) to compel personal appearances by Plaintiffs and their attorneys at the hearing on the instant motions. Dkt. Nos. 31, 46.

966, 978 n.8 (9th Cir. 2011).

Drawing on *Colorado River* and its progeny, our court of appeals has recognized eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* at 978-79.

### 1. Which Court First Assumed Jurisdiction of Property

Because real property is not at stake in this action, the parties do not argue that the first factor applies. Accordingly, the court does not consider it.

### 2. Inconvenience of the Federal Forum

Defendants argue that the U.S. District courthouse in San Jose, California, is approximately 45 minutes further away than the San Benito County courthouse from Defendants' facilities in San Juan Bautista, California. Dkt. No. 25 at 7. The court agrees with Plaintiffs that this difference is insignificant and does not weigh heavily in favor of abstention.

### 3. Desire to Avoid Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir.1988). Defendants argue that this factor weighs heavily in favor of abstention because the present action will require the court to decide the exact same issues as the *Norzagaray* action, duplicating efforts and possibly arriving at inconsistent results. Dkt. No. 25 at 8. Plaintiffs respond that the *Norzagaray* action does not encompass all of the state law claims or any of the federal claims in this action. Dkt. No. 30 at 7.

The court finds that this factor favors abstention. Out of the 8 state law causes of action that Plaintiffs assert here, 7 are similar to the causes of action asserted in *Norzagaray*. *Compare*

Dkt. No. 1 with Dkt. No. 25-1. Moreover, the proposed classes of workers in two actions are almost identical. While Defendants argue that the *Norzagaray* action does not include all Defendants in the present action, Dkt. No. 30 at 7, abstention does not require exact parallelism between cases. "It is enough if the two proceedings are substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). The additional Defendants named in this case, moreover, are simply officers of True Leaf and related companies, and Plaintiffs do not explain why these additional Defendants could not be joined in the state court action.

The court notes, however, that this factor only favors a stay of plaintiffs' state law claims, not the federal claims that are not asserted in *Norzagaray*.

### 4.   Order of Jurisdiction

Defendants argue that the *Norzagaray* action, filed in December 2014, has progressed substantially, and counsel represented that mediation has occurred without success. Plaintiffs concede that this factor slightly favors Defendants' position. Dkt. No. 30 at 8. The extent to which discovery has progressed is unclear, however, and no motion for class certification has apparently been made.

### 5.   Whether Federal Law Provides the Rule of Decision

Plaintiffs argue against a dismissal or stay because California state law does not provide the rule in resolving their FLSA or MWPA claims. The court agrees but notes that this argument does not apply to the state law causes of action that form the basis for 8 of 10 claims in Plaintiffs' complaint. Accordingly, this factor favors abstention with respect to the state law claims but favors exercising jurisdiction over the federal claims.

### 6.   Adequacy of State Court

There is no question that the state court has the authority to address Plaintiffs' state law claims. Plaintiffs argue that their conversion claim for punitive damages is not presently before the *Norzagaray* court, but plaintiffs have not explained why they could not bring such a claim in state court. *See Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1022 (N.D. Cal. 2008) ("Plaintiffs' failure to bring all available claims for the [state law] class creates the kind of piecemeal litigation

that the *Colorado River* doctrine intends to prevent."). Plaintiffs also do not dispute that they *could* bring their FLSA claims in state court. *See* Dkt. No. 30 at 5.

Plaintiffs argue, however, that under 29 U.S.C. § 1854, federal courts have exclusive jurisdiction over claims under the MWPA. That statute states that litigants wishing to sue under the MWPA "may file suit in any district court of the United States having jurisdiction of the parties." In general, a state court has concurrent jurisdiction to enforce a right created by federal law unless the statute excludes concurrent jurisdiction or is incompatible with such jurisdiction. *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 507-08 (1962). Defendants argue that the MWPA uses permissive language and that in such circumstances, state and federal courts have concurrent jurisdiction. Dkt. No. 36 at 4. Neither party has provided case law addressing whether claims under the MWPA can be brought in state court. Nevertheless, the court finds that the language in the MWPA does not seem to divest state courts of jurisdiction.

In any event, this factor is neutral with respect to Plaintiffs' federal claims because they are not presently before the state court.

### 7. Forum Shopping

Defendants argue that this action is an attempt by Plaintiffs' counsel to circumvent the state court's order staying the *Rodriguez* action, in which the same law firm represented the proposed class. Plaintiffs respond that the named Plaintiffs in this case are different from those in prior cases and assert causes of action that are not before the state court. The court finds that this factor is neutral. While Plaintiffs' *counsel* have not tried to argue that they were unaware of the stay of the *Rodriguez* action, this is not a case in which a *party* suffers an adverse ruling in state court and then seeks a new forum in federal court. Rather, here, different named plaintiffs filed a separate lawsuit.

### 8. Whether the State Court Proceedings Will Resolve All Issues

Defendants argue that the *Norzagaray* class action will conclusively resolve the substantive issues before this court. While this may be true of Plaintiffs' state law claims, it is not

true of the federal claims, which are not before the state court.[6] Accordingly, the court finds that this factor favors a stay of the state law claims but not the federal claims.

In sum, the court finds that the present action is substantially similar to the *Norzagaray* action with respect to Plaintiffs' state law claims. Taken together, the factors above present the "exceptional circumstances" required to support a stay under the *Colorado River* doctrine. *See Krieger v. Atheros Communications, Inc.*, 776 F. Supp. 2d 1053 (N.D. Cal. 2011) (staying state law claims but allowing federal claims to proceed). This stay does not apply, however, to Plaintiffs' federal law claims.

### B.  Motion to Dismiss FLSA Claims Against Individual Defendants

Defendants argue that under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' claims against Tom Church, Steve Church, and David Gill fail to state a claim upon which relief may be granted. Dkt. No. 25 at 14. Specifically, Defendants argue that the complaint fails to adequately allege that the two Church brothers and Gill, as company officers, are "employers" such that they could be liable individually under the FLSA. *Id.* Defendants assert that Plaintiffs' allegations that Defendants "exercised control over wages, hours and/or working conditions" are "wholly insufficient to put Defendants on notice as to the allegations presented against them." *Id.* (citing Dkt. No. 1 at 5).

A motion under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). While a complaint need not allege

---

[6] While Plaintiffs' conversion claim—assuming it even states a viable claim for relief—is also not before the state court, this court finds that resolution of the conversion claim necessarily turns on resolution of Plaintiffs' other state law claims. *See* Dkt. No.1 ¶ 106 (incorporating allegations from state wage and hour claims into Plaintiffs' conversion claim).

1  detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a
2  claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v.
3  Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads
4  factual content that allows the court to draw the reasonable inference that the defendant is liable
5  for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but
6  it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at
7  678 (internal citation omitted).

8  Under the FLSA, the term "'[e]mployer' includes any person acting directly or indirectly
9  in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit
10 has explained that "[w]here an individual exercises 'control over the nature and structure of the
11 employment relationship,' or 'economic control' over the relationship, that individual is an
12 employer within the meaning of the Act, and is subject to liability." *Boucher v. Shaw*, 572 F.3d
13 1087, 1091 (9th Cir. 2009) (quoting *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999) (en
14 banc)). Factors relevant to whether an individual is an "employer" under the FLSA include
15 whether they have "significant ownership interest with operational control of significant aspects of
16 the corporation's day-to-day functions; the power to hire and fire employees; [the power to]
17 determin[e][ ]salaries; [the responsibility to] maintain [ ] employment records." *Lambert*, 180 F.3d
18 at 1012.

19 The sufficiency of Plaintiffs' allegations against the Individual Defendants is questionable
20 in part because Plaintiffs frequently use the plural term "Defendants" without specifying which
21 Defendants are responsible for particular actions. Nevertheless, viewed in the light most favorable
22 to Plaintiffs, the complaint at least makes it plausible that the two Church brothers and Gill are
23 "employers" under the FLSA. The complaint alleges that each of the Church brothers and Gill are
24 officers at one of the corporate Defendants, *see* Dkt. No. 1 ¶¶ 18-20, and Defendants' motion does
25 not argue that the corporate Defendants are not "employers" under the FLSA. Moreover, the
26 complaint alleges that Defendants "have employed Class Members in this judicial district." *Id.* ¶
27 22. Plaintiffs further allege: "Defendants have exercised control over the wages, hours and/or

working conditions of Plaintiffs and Class Members, suffered or permitted Plaintiffs and Class Members to work, and/or engaged Plaintiffs and Class Members." *Id.* Plaintiffs' allegations against the Individual Defendants are thin, but in light of the Individual Defendants' positions within the companies and Plaintiffs' allegations regarding the actions of all Defendants, this order finds that Plaintiffs have stated at least a plausible claim.[7]

Accordingly, Defendants' motion to dismiss under Rule 12(b)(6) is DENIED.

### C.  Motion for Sanctions

Finally, Defendants move for $73,752 in sanctions under Federal Rule of Civil Procedure 11(b) and the court's inherent power. Dkt. No. 38 at ECF 2-3. The thrust of Defendants' argument is that Plaintiffs' complaint, which they assert is very similar to the one filed in *Rodriguez*, is an improper attempt to harass Defendants and circumvent the state court's order abating that case. Defendants also argue that the Downey law firm's solicitation of potential class members following the state court's abatement order warrants sanctions. Plaintiffs assert that Defendants' motion is itself a "bad faith" attempt "to harass and bully Plaintiffs from exercising" their legal rights. Dkt. No. 42 at 1.

Rule 11(b)(1) requires, among other things, that when a party submits a paper to the court, the attorney certifies that the paper "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Rule 11(c) provides for the possibility of sanctions for violating Rule 11(b).

Defendants cite no authority for the proposition that a federal court should order Rule 11 sanctions for allegedly disobeying a state court order. In any event, it does not appear that Plaintiffs have disobeyed the state court's abatement order. The order simply states: "The instant action, filed as Rodriguez v. True Leaf Farms, LLC, et al. (San Benito County Superior Court, Case No. CU-15-00032, filed March 5, 2015) is hereby ABATED AS TO THE ENTIRE

---

[7] Defendants also argue that under California law, corporate agents acting within the scope of their agency are not personally liable for a corporate employer's failure to pay employees' wages, Dkt. No. 25 at 14. Defendants' motion, however, is directed at Plaintiffs' federal claims, and Defendants cite no authority for the proposition that a corporate officer cannot be an employer under the FLSA.

ACTION." Dkt. No. 25-3 Ex. D at 2. The order does not say anything about future actions filed (a) by other plaintiffs or (b) in federal court alleging federal claims. If Defendants believed that Plaintiffs' complaint violated the state court's order, they should have brought it to the attention of the state court.

Defendants' position appears to be that sanctions are warranted if a law firm represents a class action plaintiff in federal court after a state court stays a proceeding filed by a *different*, named class action client against the same defendant. Defendants' argument is meritless. The authorities Defendants cite in support of their motion for sanctions do not support the relief Defendants have requested, and the court is unaware of any authority that supports Defendants' position.

Accordingly, Defendants' motion for sanctions is DENIED.[8]

### III.  ORDER

For the reasons explained above, Defendants' motions to dismiss and motion for sanctions are DENIED. Defendants' motion to stay Plaintiffs' state law claims is GRANTED. Plaintiffs' federal claims will proceed. The court expects and anticipates that the parties will coordinate discovery in this action and the *Norzagaray* case.

**IT IS SO ORDERED.**

Dated: October 16, 2015

_____
Ronald M. Whyte
United States District Judge

---

[8] Plaintiffs' opposition brief requests sanctions for having to respond to Defendants' motion. Dkt. No. 42 at 4. At least because any motion for sanctions requires a separate, noticed motion, Civ. L.R. 7-8, Plaintiffs' request for sanctions is also DENIED.